**Rule 1901.7.  Decision.  Post-trial Relief.**

(a)      The decision of the court may consist of only general findings of abuse but shall dispose of all claims for relief.  The court's final order shall be rendered substantially in the form set forth in Rule 1905(e).

(b)      No motion for post-trial relief may be filed to the final order.

*Note*: The procedure relating to Motions for Reconsideration is set forth in Rule 1930.2.

**(c)      If a final protection from abuse order directs the defendant to pay support to the plaintiff for the benefit of the plaintiff and/or a child, the plaintiff must file a complaint for support with the domestic relations section within two weeks of the date of the order or the support provisions of the order shall lapse automatically.  If the plaintiff timely files with the domestic relations section, the support provisions of the final protection from abuse order shall remain in effect until a support order is entered.**

**(d)      The custody provisions of a Protection From Abuse order are temporary. Either party may initiate custody proceedings pursuant to the custody statute at 23 Pa.C.S. § 5321 et seq.  Any valid custody order entered after the final Protection From Abuse order supersedes the custody provisions in paragraph 5 of the Protection From Abuse order.**

### Explanatory Comment—1977

New Rules 1901, et seq. promulgated March 9, 1977 and effective 15 days after publication in the *Pennsylvania Bulletin* implement the Protection From Abuse Act No. 218 of 1976 which became effective December 6, 1976.

The Act introduces a new civil remedy authorizing protective orders to bring about cessation of abuse of the plaintiff or minor children, which relief includes, inter alia, exclusion of the errant spouse from the household, the award of temporary custody and visitation rights with regard to minor children and support.

The Act also authorizes temporary ex parte orders when the exigency of the situation requires immediate relief before process can be served on a defendant.

Jurisdiction is also conferred on the magisterial district judges over the weekend if and when a judge of the court of common pleas is not available, but any temporary order of a magisterial district judge expires at the resumption of business of the common pleas court at the beginning of the week or within seventy-two (72) hours, whichever occurs first.  The magisterial district judge is required immediately to certify his or her order to the common pleas court and the certification under the Act has the effect of commencing a proceeding in the common pleas court and invoking the other provisions of the Act.

Section 9 of the Act provides that all proceedings shall be in accordance with Rules of Civil Procedure and shall be in addition to any other available civil or criminal remedies.

### Explanatory Comment—2005

Act 207-2004 amended numerous titles of the *Pennsylvania Consolidated Statutes* changing the title of ''district justice'' to ''magisterial district judge.'' The amendments to Rule 1901.7's Explanatory Comment—1977 reflect the change in title, make the comment gender-neutral and delete outdated material.

**Rule 1905. Forms for Use in PFA Actions. Notice and Hearing. Petition. Temporary Protection Order. Final Protection Order.**

\* \* \*

(e) The Final Order of Court, or any amended, modified or extended Final Order of Court, entered pursuant to the Act shall be substantially in the following form, but the first page must be exactly as set forth in this rule:

\* \* \*

5. Temporary custody of the minor children, [NAMES OF THE CHILDREN SUBJECT TO THE PROVISION OF THIS PARAGRAPH] shall be as follows:

Check all that apply:

STATE TO WHOM PRIMARY PHYSICAL CUSTODY IS AWARDED, STATE TERMS OF PARTIAL CUSTODY **[OR VISITATION]**, IF ANY.

_____
_____
_____
_____

There is a current custody order as to the children of the parties:

_____
(county court)
_____
(docket number)

A custody petition is pending.

A hearing is scheduled for

_____
(date, time and location)

THIS ORDER SHALL NOT SUPERSEDE THE CURRENT CUSTODY ORDER.

THIS ORDER SUPERSEDES ANY PRIOR ORDER RELATING TO CUSTODY.

**The custody provisions of paragraph 5 of this order are temporary. Either party may initiate custody proceedings pursuant to the custody statute at 23 Pa.C.S. § 5321 et seq. Any valid custody order entered after the final Protection From Abuse order supersedes the custody provisions of this order.**

\* \* \*